# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3311
_____

United States of America

*Plaintiff - Appellee*

v.

April Blisard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: February 17, 2026
Filed: February 20, 2026
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

After April Blisard pleaded guilty to fraudulently "obtain[ing]" the bank savings of an elderly resident of the assisted-living facility where she worked, *see* 18 U.S.C. § 1344(2), the district court[1] ordered her to pay over $99,500 in restitution,

---

[1]The Honorable Timothy L. Brooks, then District Judge, now Chief Judge, United States District Court for the Western District of Arkansas.

*see id.* § 3663A(a)(1)–(2), and serve 30 months in prison. She challenges the size of the award and the length of the sentence.

Estimation of the loss came through calculating the difference between the resident's average monthly expenses and the actual spending from her bank account. *See United States v. Aden*, 830 F.3d 812, 815–16 (8th Cir. 2016) (reviewing loss-amount calculations for clear error). The court then relied on the testimony of an FBI agent who examined debit-card statements, store records, and surveillance footage to confirm as many of the fraudulent transactions as possible. *See id.* at 815 (reviewing the calculation "in light of the record as a whole" (citation omitted)); *see also United States v. Engelmann*, 720 F.3d 1005, 1015 (8th Cir. 2013) (noting that credibility determinations are "virtually unreviewable on appeal" (citation omitted)). The resulting calculations provided a "reasonable estimate of the loss" without requiring a line-by-line analysis of each purchase. U.S.S.G. § 2B1.1, cmt. n.3(B); *see Aden*, 830 F.3d at 816 (affirming a loss estimate based on a "statistical comparative analysis").

The combined loss also played a role in determining the length of the sentence. At above $95,000 and below $150,000, it resulted in an advisory range of 21 to 27 months in prison. *See* U.S.S.G. § 2B1.1(b)(1)(E). In varying upward by three months, the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (reviewing for an abuse of discretion). It just expressed "disagreement[] with the [Sentencing] Guidelines," which it can do when varying from them. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citation omitted); *see United States v. VandeBrake*, 679 F.3d 1030, 1039 (8th Cir. 2012) (emphasizing that the district court "explained how the guideline . . . did not adequately account for[] [the defendant's] particular offense conduct").

We accordingly affirm the judgment of the district court.

_____